THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WILLIE LEE BURRELL JR., | |
| Plaintiff, | No.  C11-208Z |
| vs. | ORDER |
| TOM TIERNEY/ SEATTLE HOUSING AUTHORITY, et al., | |
| Defendants. | |

THIS MATTER comes before the Court on defendants' motion to dismiss for lack of subject matter jurisdiction, docket no. 6.  Having reviewed the papers filed in support of, and opposition to, defendants' motion to dismiss, the Court GRANTS the motion.

**I.     BACKGROUND**

This case arises out of a prior lawsuit filed in this district by Plaintiff Willie L. Burrell against defendants T. Tierney, Dennis Hall, and the Seattle Housing Authority in July 2009.  <u>Burrell v. Tierney</u>, No. 2:09-cv-00922-JLR, Compl., docket no. 1-2.  In

ORDER - 1

that case, plaintiff alleged that the defendants violated his civil rights when they denied his application for public housing benefits. Id. The parties ultimately settled their dispute (the "Agreement")[1] and agreed to a stipulated dismissal of plaintiff's claims, with prejudice. Burrell v. Tierney, No. 2:09-cv-00922-JLR, Order, docket no. 47. Plaintiff brings the present lawsuit against T. Tierney and the Seattle Housing Authority, alleging that they are in breach of the Agreement. Compl., docket no. 1-2.

## II.   DISCUSSION

Defendants move to dismiss for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1). Specifically, defendants argue that the Court lacks subject matter jurisdiction to adjudicate plaintiff's breach of contract claim. Plaintiff appears to contend that the Court has subject matter jurisdiction because this case arises out of the breach of an agreement settling a prior federal case involving federal civil rights claims. In support of his argument, plaintiff relies heavily on Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 376-78 (1994) for the proposition that a settlement agreement can support federal subject matter jurisdiction. Kokkonen, however, stands for the contrary proposition. Id. at 378 ("Enforcement of a settlement agreement, however, whether through award of damages or decree of specific performance, is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction.") (emphasis added). Plaintiff has not established any

---

[1] Plaintiff attached a copy of the Agreement to his response to the motion to dismiss. See Resp., docket no. 8.

independent basis for invoking federal subject matter jurisdiction,[2] as required by Kokkonen, and as such, this Court lacks jurisdiction to adjudicate his claims.[3]

## III. CONCLUSION

For the foregoing reasons, the Court GRANTS defendants' motion, docket no. 6, and DISMISSES plaintiff's claims, without prejudice.

IT IS SO ORDERED.

DATED this 26th day of April, 2011.

Thomas S. Zilly
United States District Judge

---

[2] Plaintiff contends that the court has ancillary jurisdiction to enforce the settlement agreement, or alternatively, inherent power to enforce the agreement.  Resp., docket no. 8.  The Court in Kokkonen addressed both arguments, concluding that neither supported the exercise of subject matter jurisdiction unless the dismissal order in the first lawsuit expressly retained jurisdiction over enforcement of the settlement agreement.  Id. at 380-81.  Here, as in Kokkonen, the dismissal order did not expressly retain jurisdiction over enforcement of the parties' settlement agreement, see Burrell v. Tierney, No. 2:09-cv-00922-JLR, Order, docket no. 47, and as such, the Court lacks subject matter jurisdiction to adjudicate this dispute.

[3] Plaintiff also filed a surreply arguing that the Court has subject matter jurisdiction over his breach of contract claim under 42 U.S.C. § 1983 and 28 U.S.C. § 1331.  Surreply, docket no. 11.  However, a breach of contract does not give rise to a claim under section 1983, and does not invoke federal question jurisdiction under section 1331.

ORDER - 3