THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WILLIE LEE BURRELL JR., | |
| Plaintiff, | No.  C11-208Z |
| vs. | ORDER |
| TOM TIERNEY/ SEATTLE HOUSING AUTHORITY, et al., | |
| Defendants. | |

On April 26, 2011, the Court dismissed this lawsuit for lack of subject matter jurisdiction because all of plaintiff's claims arose out of the defendants' alleged breach of an agreement settling prior federal court litigation.  Order, docket no. 12; see also Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 376-78 (1994) (holding that the enforcement of a settlement agreement is more than just a continuation or renewal of a dismissed suit, and hence requires its own basis for jurisdiction).  Plaintiff has now filed a motion stating entirely new claims that are completely unrelated to the claims in his original complaint.  Mot., docket no. 13.  Specifically, plaintiff now

ORDER - 1

alleges that defendants violated his rights under the Eighth Amendment to the United States Constitution by charging him a $25.00 fee in connection with his application for public housing.  Id.  It appears that plaintiff is attempting to plead an independent basis for subject matter jurisdiction in an effort to prevent the dismissal of his breach of contract claim.  As such, the Court construes plaintiff's motion as a motion for reconsideration.

Motions for reconsideration are disfavored.  Local Rule CR 7(h)(1).  The Court will ordinarily deny a motion for reconsideration absent a showing of manifest error in the prior ruling or a showing of new facts or legal authorities which could not have been brought to its attention with reasonable diligence.  Id.  The new federal claims described in plaintiff's motion allegedly arose on December 17, 2010, before plaintiff brought this lawsuit, and two months before defendants brought their motion to dismiss.  Mot., docket no. 13.  Therefore, plaintiff could have included these claims in his original complaint, or at a minimum, in the exercise of reasonable diligence should have raised them in his response to the motion to dismiss.  As plaintiff failed to exercise reasonable diligence in bringing these claims to the Court's attention, the Court DENIES plaintiff's motion for reconsideration, docket no. 13.[1]

The Clerk is directed to send copies of this Minute Order to all counsel of record and to plaintiff pro se.

---

[1] The Court also notes that there is little likelihood that plaintiff would succeed on the merits of his claim that a $25.00 housing application fee violates the constitutional prohibition on the imposition of cruel and unusual punishments.

ORDER - 2

1  IT IS SO ORDERED.

2  DATED this 29th day of April, 2011.

	_____
	Thomas S. Zilly
	United States District Judge

ORDER - 3